This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 33,585**

**ROBERT ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Plaintiff-Appellee


The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
Josephine H. Ford, Assistant Public Defender

for Defendant-Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold Defendant's conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2} Defendant has raised three issues on appeal. The pertinent background, including the historical facts and relevant analytical framework relative to each of the issues, has previously been set forth at length. We will avoid undue reiteration here, focusing instead on the content of the memorandum in opposition.

{3} First, Defendant renews his argument that his arrest was not supported by probable cause. [MIO 10-13] However, the officer's observations included Defendant's act of speeding in a school zone, his bloodshot watery eyes, slurred speech, strong odor of alcohol, admission to drinking, and the mixed results of the field sobriety testing. Collectively considered, these observations supplied probable cause for Defendant's arrest. *See, e.g., State v. Sanchez*, 2001-NMCA-109, ¶¶ 8-9, 131 N.M. 355, 36 P.3d 446 (holding that an officer had probable cause to arrest the defendant for DWI based on strong odor of alcohol, bloodshot watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing); *State v. Ruiz*,

1995-NMCA-098, ¶¶ 3-4, 24, 120 N.M. 534, 903 P.2d 845 (holding that probable cause existed where police observed the defendant weaving, the defendant admitted to having been drinking, the officer noticed bloodshot, watery eyes, slurred speech, and the odor of alcohol, and the results of the field sobriety tests were mixed), *abrogated on other grounds by State v. Martinez*, 2007-NMSC-025, 141 N.M. 713, 160 P.3d 894. Although Defendant argues that these considerations are not conclusive, particularly in light of countervailing considerations, [MIO 11-12] probable cause requires only a probability of criminal conduct, not certainty. *State v. Duffy*, 1998-NMSC-014, ¶ 70, 126 N.M. 132, 967 P.2d 807, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008 ¶ 37 n.6, 275 P.3d 110. We therefore reject Defendant's first assertion of error.

{4} Second, Defendant continues to challenge the denial of his motion to suppress, based on the arresting officer's alleged failure to comply with the SLD regulation requiring him to ascertain that Defendant had nothing to eat, drink, or smoke for at least 20 minutes prior to collection of the first breath sample. *See* 7.33.2.15(B)(2) NMAC. [MIO 13-15] As previously set forth in the notice of proposed summary disposition, the State presented evidence that the officer observed the requisite twenty-minute deprivation period. Although Defendant contends that this evidence should have been rejected based on certain inconsistencies, [MIO 14] the trial court

reasonably concluded otherwise. *See, e.g., State v. Thompson*, 2009-NMCA-076, ¶¶ 7, 15-16, 20-21, 146 N.M. 663, 213 P.3d 813 (upholding the admission of BAT results, notwithstanding inconsistencies in the testimony, where the officer explained how he determined that the 20-minute deprivation period had been satisfied); *State v. Armijo*, 2005-NMCA-010, ¶ 4, 136 N.M. 723, 104 P.3d 1114 ("[I]t is for the fact-finder to evaluate the weight of the evidence, to assess the credibility of the various witnesses, and to resolve any conflicts in the evidence; we will not substitute our judgment as to such matters."). We therefore reject Defendant's second assertion of error.

{5}     Third and finally, Defendant renews his challenge to the sufficiency of the evidence to support his conviction for DWI. [MIO 15-16] As previously described, the State presented evidence that the officer observed a variety of indicia of intoxication, Defendant's performance on the field sobriety tests was mixed, Defendant admitted that he had consumed alcohol prior to driving, and Defendant's BATs registered .13 and .12. [MIO 3, 5-6, 9] This evidence was sufficient to support the conviction. *See, e.g., State v. Duarte*, 2007-NMCA-012, ¶¶ 2, 11, 140 N.M. 930, 149 P.3d 1027 (holding in a DWI case that the evidence of guilt was strong, based upon odor of alcohol, bloodshot watery eyes, admission to drinking, unsatisfactory field sobriety test performance, and BAT test results of 0.13). Although Defendant

4

urges this Court to re-weigh the evidence, [MIO 16] this we cannot do. *See generally State v. Nevarez*, 2010-NMCA-049, ¶ 9, 148 N.M. 820, 242 P.3d 387 ("[T]his Court will not re-weigh the credibility of the witnesses at trial or substitute its determination of the facts for that of the jury as long as there is sufficient evidence to support the verdict.").

{6}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**